IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHOICE HOTELS INTERNATIONAL, INC.

    Plaintiff

    vs.

Civil Action No.:  6:16-cv-375-Orl-22TBS

ALLAMANDA INVESTMENTS, LLC,
HELEN E. JAMES a/k/a HELEN E. KWOK,
DJAMWAI KWOK and THE ACCAGREE TRUST

    Defendants.

## COMPLAINT

**COMES NOW** the Plaintiff, Choice Hotels International, Inc., by and through its legal counsel, and in support of its Complaint against Defendants, Allamanda Investments, LLC, Helen E. James a/k/a Helen E. Kwok, Djamwai Kwok, and The Accagree Trust (the "Named Defendants") does hereby allege and aver:

### Parties

1.    Plaintiff, Choice Hotels International, Inc. is a Delaware corporation, licensed to conduct business in the State of New York, having a principal place of business at 10750 Columbia Pike, Silver Spring, Maryland 20901.

2.    Upon information and belief, Defendant Allamanda Investments, LLC a limited liability company organized under the laws of the State of Florida having a business address at 7050 S. Kirkman Road, Orlando, Florida 32819.

3.    Upon information and belief, Defendant Helen E. James a/k/a Helen E. Kwok is a natural person, is member/manager of Defendant Allamanda Investments, LLC, and regularly

1

conducts business in this State and District, by, *inter alia*, engaging in the provision of hotel-motel services at 7050 S. Kirkman Road, Orlando, Florida 32819.

4. Upon information and belief, Defendant Djamwai Kwok is a natural person, is member/manager of Defendant Allamanda Investments, LLC, and regularly conducts business in this State and District, by, *inter alia*, engaging in the provision of hotel-motel services at 7050 S. Kirkman Road, Orlando, Florida 32819.

5. Upon information and belief, Defendant The Accagree Trust is member/manager of Defendant Allamanda Investments, LLC, and regularly conducts business in this State and District, by, *inter alia*, engaging in the provision of hotel-motel services at 7050 S. Kirkman Road, Orlando, Florida 32819.

**Jurisdiction and Venue**

6. This Court has both diversity and federal question jurisdiction over this case.

7. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

8. This Court has original federal question jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a).

9. This Court has original jurisdiction in this case pursuant to 28 U.S.C. §1338(b) because this civil action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.

10. This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. §1367(a) because those claims are so related to the Lanham Act

claims so as to form part of the same case or controversy under Article III of the United States Constitution.

11. Upon information and belief, each of the Named Defendants has sufficient contacts with this state and district such that this Court's exercise of personal jurisdiction over them comports with traditional notions of fair play and substantial justice.

12. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

### Choice Hotels and the QUALITY® Family of Marks

13. Choice Hotels International, Inc. (hereinafter, "Choice Hotels") is in the business of operating and franchising hotels and motels.

14. Choice Hotels can trace its roots to the 1930s when it was comprised of a small chain of roadside hotels.

15. Since that time, Choice Hotels has grown to become one of the largest and most successful lodging franchisors in the world.

16. Choice Hotels is now a publically traded company with more than 6,000 franchised hotels.

17. Choice Hotels offers high value, mid priced, hotel, motel and restaurant services under such well known brands as CAMBRIA SUITES®, COMFORT INN®, COMFORT SUITES®, QUALITY®, SLEEP INN®, CLARION®, MAINSTAY SUITES®, SUBURBAN EXTENDED STAY HOTEL®, ECONO LODGE®, and RODEWAY INN®.

18. Choice Hotels and/or its predecessor in interest has been offering lodging services under a family of QUALITY marks since at least as early as 1939.

19. Choice Hotels is the owner of several United States Trademark Registrations for its QUALITY family of marks.

3

20. Choice Hotels is the owner of United States Trademark Registration No. 0,886,881 (hereinafter, "the '881 registration") for the mark QUALITY. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit "1."

21. The '881 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

22. Choice Hotels is the owner of United States Trademark Registration No. 1,050,372 (hereinafter, "the '372 Registration") for the mark QUALITY for use in connection with the provision of hotel, motel and restaurant services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit "2."

23. The '372 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

24. Choice Hotels is the owner of United States Trademark Registration No. 1,183,294 (hereinafter, "the '294 Registration") for the mark QUALITY INN for use in connection with the provision of hotel, motel and restaurant services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit "3."

25. The '294 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

26. Choice Hotels is the owner of United States Trademark Registration No. 1,534,820 (hereinafter, "the '820 Registration") for the mark QUALITY HOTEL for use in connection with the provision of hotel and restaurant services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit "4."

27. The '820 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

28. Choice Hotels is the owner of United States Trademark Registration No. 1,769,488 (hereinafter, "the '488 Registration") for the mark QUALITY RESORT for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit "5."

29. The '488 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

30. Choice Hotels is the owner of United States Trademark Registration No. 2,729,999 (hereinafter, "the '999 Registration") for the mark Q QUALITY INN + Design for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit "6."

31. The '999 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

32. Choice Hotels is the owner of United States Trademark Registration No. 2,732,875 (hereinafter, "the '875 Registration") for the mark Q QUALITY SUITES + Design for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit "7."

33. The '875 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

34. Choice Hotels is the owner of United States Trademark Registration No. 2,946,054 (hereinafter, "the '054 Registration") for the mark Q QUALITY + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit "8."

35. The '054 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

36. Choice Hotels is the owner of United States Trademark Registration No. 3,053,888 (hereinafter, "the '888 Registration") for the mark QUALITY SUITES for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit "9."

37. The '888 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

38. Choice Hotels is the owner of United States Trademark Registration No. 3,448,436 (hereinafter, "the '436 Registration") for the mark QUALITY INN & SUITES for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit "10."

39. Choice Hotels is the owner of United States Trademark Registration No. 3,448,437 (hereinafter, "the '437 Registration") for the mark Q QUALITY INN & SUITES + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit "11."

40. Choice Hotels is the owner of United States Trademark Registration No. 3,435,885 (hereinafter, "the '885 Registration") for the mark Q QUALITY + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services

for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit "12."

41. Choice Hotels is the owner of United States Trademark Registration No. 3,569,789 (hereinafter, "the '789 Registration") for the mark Q QUALITY HOTEL + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit "13."

42. Choice Hotels is the owner of United States Trademark Registration No. 3,837,912 (hereinafter, "the '912 Registration") for the mark Q (Stylized) for use in connection with hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others; providing a complimentary breakfast to hotel guests. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit "14."

43. Since the inception of their use, the service marks described in paragraphs 20 to 42 above (hereinafter, collectively, "the QUALITY® family of marks"), have been used by Choice Hotels, its predecessors and franchisees only in connection with the provision of the highest value hotel and motel services.

44. Each registration identified in paragraphs 20 to 42 above remains active, valid and enforceable.

45. Choice Hotels has invested, and continues to invest, significant resources in the development, promotion and protection of the QUALITY® family of marks.

46. As a result of its concerted branding efforts, the marks in the QUALITY® family of marks have become widely associated, in the minds of the consuming and general public, with the goods and services offered by Choice Hotels.

47. The marks in the QUALITY® family of marks are indicative to both the trade industry and consumers that items bearing, or services offered under, the QUALITY® marks originate from, or are sponsored or approved by, Choice Hotels, and constitute genuine and authentic Choice Hotels goods and services.

48. Defendants Allamanda Investments, LLC, Helen E. James a/k/a Helen E. Kwok, Djamwai Kwok, and The Accagree Trust (hereinafter, collectively, "Allamanda") own and/or operate the hotel 7050 S. Kirkman Road, Orlando, Florida 32819 (hereinafter, "the Subject Property").

49. The Subject Property was previously operated by one or more of the Named Defendants as a Choice Hotels RODEWAY INN® franchise.

50. On or about April 9, 2014, Choice Hotels terminated the RODEWAY INN® franchise for the Subject Property.

51. Thereafter, Allamanda operated the hotel at the Subject Property under the moniker "A Nice Inn & Suites."

52. On or about September 15, 2015, the hotel located at the Subject Property was featured on an episode of the television show "Hotel Impossible."

53. The episode of "Hotel Impossible" documented that the hotel located at the Subject Property is in deplorable condition. The hotel lacks basic safety features, has a severe water and mold damage, and is infested with bedbugs and killer bees.

54. Thereafter, Allamanda began operating the hotel at the Subject Property under the moniker KUALITY RESORT & SUITES.

55. A true and correct photograph of the signage located at the Subject Property appears below:



56.     Allamanda's use of the moniker KUALITY RESORT & SUITES in connection with the provision of hotel services at the Subject Property has created, and continues to create, a likelihood of consumer confusion in the marketplace relative to the QUALITY® family of marks owned by Choice Hotels.

57.     Choice Hotels never gave Allamanda permission to use any of the marks in the QUALITY® family of marks in connection with the provision of hotel services.

58.     Allamanda's use of the KUALITY RESORT & SUITES moniker in connection with the provision of hotel services at the Subject Property has irreparably damaged, and will continue to irreparably damage, the valuable good will associated with the QUALITY® family of marks.

## COUNT I
### Infringement of Federally Registered Trademark
**(15 U.S.C. §1114)**

59. Paragraphs 1-58 are incorporated by reference herein as though set forth in their entirety.

60. Choice Hotels is the owner of a family of QUALITY® marks which it uses in connection with the provision of hotel and motel services. Included in that family of marks are at least the following United States Trademark Registrations: the '881 registration; the '372 registration; the '294 registration; the '820 registration; the '488 registration; the '999 registration; the '875 registration; the '054 registration; the '436 registration; the '437 registration; the '888 registration; the '885 registration; the '789 registration and the '912 registration.

61. Upon information and belief, Allamanda had actual knowledge of the QUALITY family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used in commerce, in connection with the provision of hotel and motel services marks which are likely to cause confusion, mistake, or deception in violation of Section 32(a) of the Lanham Act, 15 U.S.C. §1114(1).

62. The acts of Allamanda as described herein constitute infringement of one or more of Choice Hotels' federally registered trademarks.

63. As a direct and proximate cause of the infringing acts of Allamanda, Choice Hotels has been damaged in an amount to be determined at trial.

64. Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Allamanda, and the cost of the action under 15 U.S.C. §1117.

65. The acts of Allamanda as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

66. The acts of Allamanda as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the QUALITY family of marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

## COUNT II
### Federal Unfair Competition – False Designation of Origin
### (15 U.S.C. §1125(a))

67. Paragraphs 1-58 are incorporated by reference herein as though set forth in their entirety.

68. Upon information and belief, Allamanda had actual knowledge of the QUALITY family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used in commerce, in connection with the provision of hotel and motel services marks which are likely to cause confusion, mistake, or deception in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

69. Specifically, Allamanda has used, and is using, the mark KUALITY RESORT & SUITES in connection with the provision of hotel services at the Subject Property.

70. Such use constitutes a false designation of origin, and/or a false or misleading description and/or representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Choice Hotels and Allamanda, or as to the origin, sponsorship, or approval of the services or commercial activities of Allamanda by Choice Hotels.

71. As a direct and proximate cause of the acts of Allamanda as described herein, Choice Hotels has been damaged in an amount to be determined at trial.

72. Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Allamanda, and the cost of the action under 15 U.S.C. §1117.

73. The acts of Allamanda as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

74. The acts of Allamanda as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the QUALITY family of marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

### COUNT III
### Florida Deceptive and Unfair Trade Practices
### (F.S.A. §501.201)

75. Paragraphs 1-58 are incorporated by reference herein as though set forth in their entirety.

76. The activities Allamanda as described in the forgoing paragraphs constitute unfair and/or deceptive trade practices that have occurred and are occurring in commerce and have proximately caused and are proximately causing injury to Choice Hotels. Thus, these activities violate the Florida Deceptive and Unfair Trade Practices Act (F.S.A. §501.201, et seq.)

77. Allamanda has engaged in "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce" by willfully and without authorization, using in commerce the KUALITY RESORT & SUITES moniker in connection with the provision of hotel and motel services at the Subject Property.

78. By reason of the foregoing, Choice Hotels is entitled to recover from Allamanda its actual damages, plus attorneys' fees and court costs pursuant to F.S.A. §501.211.

**COUNT IV**
**Florida Common Law**
**Trademark Infringement / Unfair Competition**

79. Paragraphs 1–58 are incorporated by reference herein as though set forth in their entirety.

80. The activities of Allamanda as described herein are unfair acts that have damaged the legitimate business of Choice Hotels; therefore those activities constitute unfair competition pursuant to the common law of Florida.

81. Allamanda has used marks in commerce in connection with the provision of hotel and motel services which are likely to create consumer confusion in the marketplace; therefore those activities constitute trademark infringement under the common law of Florida.

82. Choice Hotels has been damaged by the conduct of Allamanda as described herein and will continue to be so damaged in the absence of relief from this Court.

**WHEREFORE**, Choice Hotels prays:

A. That each of the Named Defendants, jointly and severally, their agents, servants, employees and attorneys and all those in active concert or participation with them, be permanently and forever enjoined from using any of the marks in the QUALITY family of marks, including but not necessarily limited to, the marks appearing in the '881 registration; the '372 registration; the '294 registration; the '820 registration; the '488 registration; the '999 registration; the '875 registration; the '054 registration; the '436 registration; the '437 registration; the '888 registration; the '885 registration; the '789 registration and the '912 registration or any mark confusingly similar thereto;

   B. That each of the Named Defendants, jointly and severally, be found liable for Federal Trademark Infringement and Federal Unfair Competition resulting from its use of one or more of the QUALITY family of marks;

   C. That Choice Hotels be awarded judgment for damages against each of the Named Defendants, jointly and severally, resulting from violation of Section 32(a) of the Lanham Act (15 U.S.C. §1114) and 43(a) of the Lanham Act (15 U.S.C. §1125(a)) for Federal Trademark Infringement and Federal Unfair Competition, respectively, in an amount to be fixed by the Court which in its discretion it finds just, including:

     1) all profits received by each Named Defendant from sales and revenues of any kind as a result of the actions complained of herein; and

     2) all damages sustained by Choice Hotels as a result of each Named Defendant's acts of infringement and unfair competition, and that such damages be trebled; and

     3) that, in light of the deliberate and willful actions of each Named Defendant this action be designated an exceptional case, thereby entitling Choice Hotels to an award of all reasonable attorneys' fees, costs, and disbursements incurred by Choice Hotels as a result of this action, pursuant to 15 U.S.C. §1117, and that Choice Hotels be awarded such relief;

   D. That Choice Hotels be awarded judgment for actual damages, costs and attorneys' fees as a result of Allamanda's unfair and deceptive trade practices in violation of the Florida Deceptive and Unfair Trade Practices Act §501.201, et seq.;

   E. That Choice Hotels be awarded judgment for damages resulting from each Named Defendant's common law trademark infringement;

   F. That Choice Hotels be awarded judgment for damages resulting from each Named Defendant's common law unfair competition and that such damages be trebled;

   G. That this Court award any and all relief not here enumerated that this Court should deem just and equitable;

   H. That Choice Hotels be awarded the costs and attorneys' fees it incurs in this action; and

   I. That all triable issues be brought before a jury.

    s/ Zachary D. Messa
    **Zachary D. Messa, Esquire**
    Florida Bar No. 513601
    Email: zacharym@jpfirm.com
    **JOHNSON POPE BOKOR RUPPEL & BURNS, LLP**
    911 Chestnut Street
    Clearwater, Florida 33756
    Tel. (727) 461-1818 / Fax (727) 462-0965
    Local Counsel for Plaintiffs
    and
    **Matthew J. Ladenheim**
    *(will be seeking Pro Hac Vice admission)*
    Matthew J. Ladenheim, NC Bar 29309
    **TREGO HINES & LADENHEIM, PLLC**
    9300 Harris Corners Parkway Suite 210
    Charlotte, North Carolina 28269
    Phone: 704-599-8911
    Fax: 704-599-8719